Michael S. LeBoff - CA State Bar No. 204612
leboff@kleinandwilson.com
Gordon V. Dunn III - CA State Bar No. 311801
gdunn@kleinandwilson.com
KLEIN & WILSON
A Partnership of Professional Corporations
4770 Von Karman Avenue
Newport Beach, California 92660
(949) 631-3300; Facsimile (949) 631-3703

Attorneys for Plaintiff JUAN POLLO, INC., a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JUAN POLLO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYUN KIM d/b/a POLLO'S, an individual; G.G.R. FOODS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 8:23-cv-00883<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501); DEMAND FOR JURY TRIAL** |

Plaintiff Juan Pollo, Inc., a California corporation ("Plaintiff") alleges the following against defendants Hyun Kim d/b/a Pollo's, an individual ("Kim"); G.G.R. Foods, a California corporation ("GGR"); and Does 1 through 100, inclusive (collectively "Defendants").

**PARTIES**

1. Plaintiff is a California corporation licensed to do business in the State of California with its principal place of business in the County of San Bernardino, California.

/ / /

/ / /

1

2. Defendant Kim is an individual who does business under the fictitious business name "Pollo's" in the County of Orange, California. On information and belief, defendant Kim resides in the County of Orange, California.

3. Defendant GGR is a California corporation licensed to do business in the State of California with its principal place of business in the County of Orange, California.

4. Does 1 through 100, inclusive, are defendants whose identities have not yet been ascertained.  They are individuals, partnerships, corporations, or some other business entity. On information and belief, each Doe defendant was somehow responsible for the damages caused in this case. As soon as the true identities and capacities of the Doe defendants have been ascertained, this complaint will be amended to reflect the true names and capacities of each Doe defendant.

5. Each defendant was the agent, alter-ego, employee, principal, partner, joint venturer, employer, or in some other capacity derivatively responsible for each of the acts of the other defendants.

## JURISDICTION AND VENUE

6. The claim in this matter is for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The court has jurisdiction over the subject matter of the claims for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(a) in that the claims arise in this judicial district, as defendants Kim and GGR have their principal places of business in this judicial district and operate restaurants infringing upon Plaintiff's copyrights in this judicial district.

## GENERAL ALLEGATIONS

8. On or about March 23, 2021, Plaintiff filed an application to register the "Juan Pollo Menu" with the U.S. Copyright Office. The "Juan Pollo Menu" contains photographs of various menu items.

9. On or about May 5, 2021, Plaintiff completed registration for the "Juan Pollo Menu" copyright (the "Copyright"). A copy of the correspondence from the U.S. Copyright Office confirming registration is attached as Exhibit A.

10. Defendants had access to the copyrighted "Juan Pollo Menu" because it is available on Plaintiff's website.

11. On information and belief, Defendants used this access to use Plaintiff's copyrighted photographs to market their own menu items, without Plaintiff's authorization. Examples of Defendants' unauthorized use include Plaintiff's copyrighted photos used in Defendants' menu boards, menus, window stickers, and signs, among others. Examples of Defendants' unauthorized use are attached collectively as Exhibit B.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
### (Against All Defendants)

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this complaint as though fully set forth.

13. At all relevant times, Plaintiff owned the Copyright.

14. Defendants never had any ownership interest in the Copyright.

15. Attached as Exhibit A is proof of Plaintiff's copyright registration. This copyright registration is prima facie evidence of the validity of the Copyright and the facts stated in the copyright registration certificate. The Copyright protects copyrightable subject matter.

16. Defendants infringed Plaintiff's exclusive right to reproduce, make copies, distribute, or create derivative works by publishing Plaintiff's Copyright as seen in Exhibit B.

17. Defendants offered copies of Plaintiff's Copyright to the public through their menu boards, menus, window stickers, and signs, among others.

/ / /

18. Plaintiff is informed and believes, and upon that basis alleges, that Defendants have each obtained gains, profits, and advantages as a result of their infringing acts in the amounts within the jurisdiction of the court.

19. Defendants knew or should have known that their acts constituted copyright infringement.

20. Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

21. As a result of Defendants' infringement of the Copyright, Plaintiff is entitled to: (a) a declaration, pursuant to 28 U.S.C. § 2201, that Defendants have infringed the Copyright; (b) entry of a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyright; (c) an order of impoundment, pursuant to 17 U.S.C. § 503(a)(1)(A), impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within their distribution channels; (d) an award of actual damages and profits under 17 U.S.C. § 504(b); (e) an award of statutory damages for willful infringement under 17 U.S.C. § 504(c); and (f) an award of costs, prejudgment interest, and attorneys' fees, pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against all Defendants.

**As to the First Claim for Relief:**

1. Damages according to proof;

2. A judgment that includes:

   A. a permanent injunction, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyright;

/ / /

/ / /

  B. an order of impoundment, impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within their distribution channels;

  C. an award of actual damages and profits;

  D. an award of statutory damages for willful infringement;

  E. an award of attorneys' fees; and

  F. prejudgment interest.

3. Costs of suit; and

4. Any and all relief the court may deem just and proper.

Respectfully submitted,

KLEIN & WILSON

Dated: May 19, 2023

By: */s/ Gordon V. Dunn III*
  Gordon V. Dunn III
Attorneys for Plaintiff Juan Pollo, Inc., a California corporation

## DEMAND FOR JURY TRIAL

Plaintiff Juan Pollo, Inc., a California corporation, demands a jury trial in this case.

Respectfully submitted,

KLEIN & WILSON

Dated: May 19, 2023

By: */s/ Gordon V. Dunn III*
  Gordon V. Dunn III
Attorneys for Plaintiff Juan Pollo, Inc., a California corporation